UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**James Grey**

Case No. 20-cv-474-PB

v.

Opinion No. 2020 DNH 176

**United States of America**

## ORDER

In Rehaif v. United States, 139 S. Ct. 2191, 2194 (2019), the Supreme Court held that, "To convict a defendant [under 18 U.S.C. § 922(g)], the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status [as a convicted felon] when he possessed it."

Before Rehaif was decided, James Grey pleaded guilty to a § 922(g) charge. His indictment, however, did not allege that he knew he was a convicted felon when he possessed the firearm serving as the basis for the charge. Grey has filed a motion pursuant to 28 U.S.C. § 2255 arguing that his conviction must be set aside because: (1) the indictment failed to allege that Grey knew that he was a convicted felon when he possessed the firearm; and (2) neither the court nor Grey's attorney advised him of this requirement.

Grey first argues that the court lacked jurisdiction to accept his plea on the § 922(g) charge because the indictment

did not allege that Grey knew he was a convicted felon when he allegedly committed the § 922(g) violation. This argument fails because the First Circuit has determined that such jurisdictional challenges are waived when a defendant pleads guilty to the charge. United States v. Lara, 970 F.3d 68, 86 (1st Cir. 2020); United States v. Burghardt, 939 F.3d 397, 402 (1st Cir. 2019).

Grey next contends that his plea must be vacated because neither the court nor his counsel advised him of the yet to be established Rehaif knowledge-of-status requirement when he pleaded guilty. Because Grey presents this argument for the first time in his § 2255 motion, he will not be entitled to relief unless he is able to satisfy the familiar "cause and prejudice" test that applies to procedurally defaulted claims raised in a § 2255 motion. See Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011).

Assuming for purposes of analysis that Grey can satisfy the first component of the cause and prejudice test, I nevertheless deny his motion because he cannot establish that the alleged Rehaif error prejudiced him. Significantly, Grey does not argue that he would not have pleaded guilty had he known of Rehaif's knowledge-of-status requirement. Nor does he assert that he was unaware of his status as a convicted felon when he possessed the weapon that gave rise to the charge. He does not even argue

2

that the prosecution would be unable to prove the knowledge-of-status requirement if his plea was overturned.  Accordingly, he does not press a claim that he suffered any actual prejudice as a result of the alleged Rehaif error.  Instead, he argues that he satisfies the prejudice requirement by asserting that the Rehaif violation is a structural error that does not require a showing of actual prejudice.  I am unpersuaded by this argument.

In Burghardt, the First Circuit rejected a Rehaif challenge on direct review because the defendant was unable to prove the prejudice component of the plain error test.  939 F.3d at 402-06.  If, as Grey claims here, his claimed Rehaif error is indeed structural, the First Circuit's ruling in Burghardt was error.  Accordingly, I agree with Judge Saris, who recently ruled in United States v. Windley, No. 14-cr-10197-PBS 2020 WL 4583843, at *3 (D. Mass. Aug. 10, 2020) that a Rehaif claim does not assert a structural error that can sustain a defaulted § 2255 claim without proof of actual prejudice.

Grey cites a Fourth Circuit decision that treats a Rehaif error as structural on direct review when considering the prejudice prong of the plain error test.  See United States v. Gary, 954 F.3d 194, 205-06 (4th Cir. 2020).  Grey, however, has failed to square the Fourth Circuit's decision with Burghardt, which is binding precedent on this court.  Nor has he engaged with the better reasoned decisions from the Fifth, Sixth,

3

Seventh, Eighth, and Tenth Circuits which rejected Grey's contention that an unpreserved Rehaif error is one of the limited class of errors that entitle a defendant to relief without proof of prejudice.  See United States v. Lavalais, 960 F.3d 180, 184 (5th Cir. 2020); United States v. Watson, 820 Fed. Appx. 397 (6th Cir. 2020); United States v. Maez, 960 F.3d 949, 958 (7th Cir. 2020); United States v. Coleman, 961 F.3d 1024, 1029-30 (8th Cir. 2020); United States v. Trujillo, 960 F.3d 1196, 1206 (10th Cir. 2020).  Accordingly, I reject Grey's structural error argument.

Grey's § 2255 motion is denied.  (Doc. No. 5).  Because Grey has failed to make a substantial showing of the denial of a constitutional right, I also decline to issue a certificate of appealability.

**SO ORDERED.**

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

October 5, 2020

cc:  Charles J. Keefe, Esq.
     Seth R. Aframe, Esq.

4